IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JABARI J. JOHNSON,

    Plaintiff,

vs.                                                                                            No. CIV 24-0506 JB/GJF

CHRISTOPHER VARELA, BRADLEY
VOGAN, and FNU GUTIERREZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following the Plaintiff Jabari J. Johnson's failure to prosecute his pro se Prisoner Complaint, filed May 21, 2024 (Doc. 1)("Complaint"). The Honorable Gregory Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Johnson to confirm his current address or to show cause why the Court should not dismiss the Complaint for severing contact with the Court. See Order to Show Cause, filed October 24, 2024 (Doc. 5)("OSC"). Because Johnson has not complied, and having reviewed applicable law and the record, the Court dismisses the Complaint without prejudice.

## BACKGROUND

Johnson commenced this case on May 21, 2024. See Complaint at 1. The Complaint alleges, among other things, that Colorado prison officials provide unsafe conditions of confinement and violate Johnson's Due Process rights. See Complaint at 4-6. The Complaint's section addressing "Plaintiff Information" reflects that Johnson was detained in Cañon City, Colorado, when he filed this case. See Complaint at 2. The Court referred this matter to Magistrate Judge Fouratt for recommended findings and disposition, and to enter non-dispositive

orders.  See Order of Reference Relating to Prisoner Cases, filed May 21, 2024 (Doc. 2).

After Johnson filed this case, the United States Post Office ("USPS") returned several mailings as undeliverable.  See Returned Mailing Envelope 1, filed June 10, 2024 (Doc. 3); Returned Mailing Envelope 2, filed July 22, 2024 (Doc. 4).  Magistrate Judge Fouratt fixed a deadline of November 25, 2024, for Johnson to confirm his address in writing or show cause why the Court should not be dismiss this action.  See OSC at 1.  See also D.N.M.LR-Civ. 83.6 ("All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses.").  The OSC warns that the failure to comply timely may result in the Court dismissing this case without further notice.  See OSC at 1.

Johnson did not update his address by the deadline, show cause for such failure, or otherwise respond to the OSC, which the USPS also has returned as undeliverable.  See Returned Mailing Envelope, entered November 12, 2024 (Doc. 6).  The Court, therefore, considers whether to dismiss this matter for lack of prosecution, and for failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002).  As the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation."  Rogers v. Andrus Transp. Services, 502 F.3d 1147,

1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions <u>sua sponte</u> for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders." <u>Olsen v. Mapes</u>, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  <u>Davis v. Miller</u>, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center</u>, 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center</u>, 492 F.3d at 1162.  Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions."  <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center</u>, 492 F.3d at 1162.

Here, Johnson has not confirmed his address in writing, as the OSC and D.N.M.LR-Civ. 83.6 require.  In light of this failure, the Court dismisses this case, pursuant to rule 41(b), for failure to prosecute.  <u>See</u> <u>Olsen v. Mapes</u>, 333 F.3d 1199 at 1204.  After considering the factors in <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center</u>, the dismissal will be without prejudice.

**IT IS ORDERED** that: (i) the Plaintiff's Prisoner Complaint, filed May 21, 2024 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jabari J. Johnson
Cañon City, Colorado

    *Plaintiff, pro se*